IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **EARNEST BLOSSOM,**<br><br>          Plaintiff,<br><br>v.<br><br>**ONYX ENVIRONMENTAL SERVICES, VEOILA ENVIRONMENT SERVICES AFFILIATES,**<br><br>          Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:06-cv-00617-DAK-PMW<br><br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).

Earnest Blossom ("Plaintiff") previously filed a motion for leave to proceed in forma pauperis,[1] pursuant to 28 U.S.C. § 1915, which the court granted.[2]  Plaintiff's complaint contains causes of action for racial discrimination and wrongful termination.[3]  In the sections of the complaint entitled, "Supporting Facts," Plaintiff has written only the phrase: "Sworn testimony from USA v. Earnest Blossom[,] case # 2:02-CR-162ST."

Whenever the court authorizes a party to proceed without the prepayment of fees under 28 U.S.C. § 1915, the court is required to "dismiss the case at any time if the court determines

---

[1] *See* docket no. 1.

[2] *See* docket no. 2.

[3] *See* docket no. 3.

that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  The court has determined that Plaintiff's case falls squarely within this category.

Because Plaintiff is proceeding pro se in this case, the court construes his complaint liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  However,

> [t]he broad reading of [Plaintiff's] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Even under a liberal reading of his complaint, Plaintiff has failed to provide the court with any factual information to support his claims for relief.  Further, even if the court were to assume that support for Plaintiff's claims exists in the "[s]worn testimony from USA v. Earnest Blossom[,] case # 2:02-CR-162ST," it is not the court's role to sift through the record of that case to determine which portions of the sworn testimony, if any, support his claims.  *See id*. ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").  For these reasons, Plaintiff's complaint fails to make out claims on which relief can be granted.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.

The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of August, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge